IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DENTAL RESOURCE SYSTEMS, INC. d/b/a LARGE PRACTICE SALES, | § § § § | |
| Plaintiff | § § | |
| V. | § § | No. 3:20-cv-2085-BN |
| MICHAEL B. ASHCRAFT and MICHAEL ASHCRAFT, DDS, MA, PA, | § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Defendant Michael B. Ashcraft ("Ashcraft") and Defendant Michael Ashcraft, DDS, MA, PA (the "Dental Practice") (collectively "Defendants") have filed a motion to dismiss Plaintiff Dental Resource Systems, Inc. d/b/a Large Practice Sales' amended complaint. *See* Dkt. No. 27. Plaintiff filed a response. *See* Dkt. No. 30. Defendants did not file a reply, and the deadline to do so has passed.

For the following reasons, the Court DENIES the motion to dismiss.

The Court also, for the reasons explained fully below, will permit Plaintiff to amend its complaint to cure the deficiency detailed by the Court in this Order and permit Defendants to challenge the resulting amended complaint.

### Background

Ashcraft is dentist who contracted with Plaintiff to find potential buyers for his Dental Practice. Plaintiff and Defendants entered an Engagement Agreement

containing a forum-selection clause:

> The provisions of this Agreement shall be construed in accordance with, and the rights and liabilities of the parties hereto shall be governed by, the internal laws of the State of Texas. The parties hereto irrevocably and unconditionally consent to and submit themselves to the exclusive jurisdiction of courts of the State of Texas located in Dallas County, Texas and the courts of the United States of America located in the Northern District of Texas (collectively, the "Agreed Courts") with respect to any actions, suits or proceedings arising out of or in connection with this Agreement and the transactions contemplated hereby and the parties hereby agree not to commence any action, suit or proceeding relating thereto except in such Agreed Courts…. The parties hereto irrevocably and unconditionally waive any objection to the laying of venue of any action, suit or proceeding arising out of this Agreement or the transactions contemplated thereby in the Agreed Courts and hereby further irrevocably and unconditionally waive and agree not to plead or claim that any such action, suit or proceeding brought in any of the Agreed Courts has been brought in an inconvenient forum.

Dkt. No. 30-1. Plaintiff identified a potential buyer, and Defendants sold the assets of the Dental Practice to that third party. Plaintiff sued Defendants for breach of contract, alleging that Defendants failed to pay it the amounts due under the Engagement Agreement.

In its Complaint, Plaintiff alleges the Court has subject matter jurisdiction based on diversity jurisdiction. *See* Dkt. No. 1. Plaintiff timely amended its complaint to add an allegation that the Court has personal jurisdiction over the parties based on the forum-selection clause in the Engagement Agreement. *See* Dkt. No. 23.

Defendants challenge the Court's exercise of personal jurisdiction and now move to dismiss the amended complaint because it allegedly fails to establish that

2

Defendants have sufficient minimum contacts with the State of Texas. *See* Dkt. No. 26. Their motion to dismiss is supported by the Affidavit of Michael B. Ashcraft, who states that he is a resident of Arkansas, his dental practice is located solely in Arkansas, the deals related to the sale of his dental practice were negotiated and closed in Arkansas, and he never traveled to the State of Texas for anything related to the sale of his dental practice. See Dkt. No. 26-1.

Plaintiff responds that Defendants waived any challenge to personal jurisdiction when they signed the Engagement Agreement containing the forum-selection clause and that the clause establishes the Defendants consented to the jurisdiction of this Court. *See* Dkt. No. 30.

## Legal Standards & Analysis

### I.   Subject Matter Jurisdiction

In both its Complaint and Amended Complaint, Plaintiff invokes the Court's subject matter jurisdiction under 28 U.S.C. § 1332 diversity jurisdiction and Defendants do not challenge Plaintiff's assertion of diversity jurisdiction.

The Court may raise and consider subject matter jurisdiction *sua sponte* because jurisdictional "'delineations must be policed by the courts on their own initiative.'" *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *see also Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985) ("United States District Courts and Courts of Appeals have the responsibility to consider the

3

question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking."). "In order for a federal court to assert diversity jurisdiction, diversity must be complete; the citizenship of all of the plaintiffs must be different from the citizenship of all of the defendants." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). And, "when the alleged basis for jurisdiction is diversity of citizenship, the district court must be certain that the parties are in fact diverse before proceeding to the merits of the case." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988).

"The burden of pleading the diverse citizenship is upon the party invoking federal jurisdiction." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974); *see also Getty Oil*, 841 F.2d at 1259 ("The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction."). "[W]hen jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged." *Getty Oil*, 841 F.2d at 1259 (emphasis and internal quotation marks omitted). Thus, "[w]hen jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332, the plaintiff's complaint must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states." *Am. Motorists Ins. Co. v. American Emp. Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979).

Plaintiff has not satisfied the requirements for pleading the citizenship of all parties as required for establishing diversity jurisdiction. Plaintiff has pleaded that

4

Ashcraft is an individual who resides in Arkansas. *See* Dkt. No. 23 at 1. "An allegation of residency, however, does not satisfy the requirement of an allegation of citizenship." *Neeley v. Bankers Trust Co. of Tex.*, 757 F.2d 621, 634 n.18 (5th Cir. 1985) ("We admonish counsel generally to fulfill strictly their obligation to allege diversity by alleging citizenship, not residence.").

As the United States Court of Appeals for the Fifth Circuit has explained, "[f]or purposes of diversity jurisdiction, the domicile of the parties, as opposed to their residence, is the key," and "citizenship means domicile"; "mere residence in the State is not sufficient," where "[r]esidence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile"; and "citizenship is not necessarily lost by [protracted] absence from home, where the intention to return remains." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (internal quotation marks omitted). "In determining diversity jurisdiction, the state where someone establishes [her] domicile serves a dual function as his state of citizenship. A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. Domicile requires the demonstration of two factors: residence and the intention to remain." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (citations and internal quotation marks omitted).

And, "for purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they

existed at the time of filing." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569-70 (2004). "The citizenship of the parties on the date the complaint was filed determines the existence of diversity jurisdiction." *Freeman v. N.W. Acceptance Corp.*, 754 F.2d 553, 555 n.2 (5th Cir. 1985).

The Court will permit Plaintiff to amend its amended complaint to address this deficiency and permit Defendants to challenge the resulting amended complaint.

II.     Personal Jurisdiction

Defendants seek dismissal based on the Court's alleged lack of personal jurisdiction. They contend that Plaintiff did not state any facts in its Amended Complaint to establish they have sufficient minimum contacts with the State of Texas. And that is true. But Defendants waived their right to challenge personal jurisdiction when they signed the Engagement Agreement containing the forum-selection clause.

"A forum selection provision in a written contract is *prima facie* valid and enforceable unless the opposing party shows that enforcement would be unreasonable." *Kevlin Services, Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 10 (1972)). The defendant can prove unreasonableness by establishing one of the following: (1) the inclusion of the forum-selection clause into the written contract was the product of fraud or overreaching; (2) the party opposing enforcement of the clause "will for all practical purposes be deprived of his day in court" because of the extreme

6

inconvenience or unfairness of the forum specified in the clause; (3) the law specified in the clause is fundamentally unfair and will cause plaintiff to be deprived of a remedy; or (4) enforcement of the clause would go against a strong public policy of the forum state. *See Haynsworth*, 121 F.3d at 963 (citing *Carnival Cruise Lines*, 499 U.S. at 595; *The Bremen*, 407 U.S. at 12-13). Defendants bear a "heavy burden of proof." *Id.* (citing *The Bremen*, 407 U.S. at 17); *see also Mitsui & Co. (USA), Inc. v. MIRA M/V*, 111 F.3d 33, 35 (5th Cir. 1998) ("The burden of proving unreasonableness is a heavy one, carried only by a showing that the clause results from fraud or overreaching, that it violates a strong public policy, or that enforcement of the clause deprives the [resisting party] of his day in court."). There is a "'strong presumption in favor of forum selection clauses,' and "'a valid forum selection clause is given controlling weight in all but the most exceptional cases.'" *Calix-Chacon v. Global Int'l Marine, Inc.*, 493 F.3d 507, 513 (5th Cir. 2007) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1998) (Stewart, J., concurring)).

Defendants have not met their substantial burden of rebutting the presumptive validity of the forum-selection clause. Instead, they argue that it would be unreasonable to enforce the forum-selection clause under a minimum contacts analysis.

But, by signing the Engagement Agreement with a forum-selection clause, Defendants consented to jurisdiction in Texas or waived the requirements for

personal jurisdiction in Texas. *See Dunne v. Libbra*, 330 F.3d 1062, 1064 (8th Cir. 2003) ("The presence of the [forum selection] clause avoids the need to rely solely on the traditional minimum contacts analysis by providing a second, stronger basis for jurisdiction thereby minimizing the risk that anything more than a frivolous challenge to jurisdiction may arise."); *see also American Airlines, Inc. v. Rogerson ATS*, 952 F. Supp. 377, 381 (N.D. Tex. May 2, 1996) (holding that nonresident defendant's consent to a forum selection clause, standing alone, was sufficient to satisfy the traditional notions of fair play and substantial justice). As the Fifth Circuit has recently explained, a mandatory forum-selection clause like the one here, which "affirmatively requires that litigation arising from the contract be carried out in a given forum," serves to require litigation be filed in the agreed-upon courts and serves as "a contractual waiver of personal-jurisdiction and venue objections if litigation is commenced in the specified forum." *Weber v. PACT XPP Techns.*, AG, 811 F.3d 758, 768 (5th Cir. 2016); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 & n. 14 (1985) (noting that personal jurisdiction may be waived by forum selection clauses that are "freely negotiated" and are not "unreasonable and unjust" (internal quotation marks and citation omitted)).

## Conclusion

The Court DENIES Defendants' Motion to Dismiss Amended Complaint [Dkt. No. 26].

The Court ORDERS Plaintiff to, by **Thursday, February 25, 2021**, file an amended complaint that distinctly and affirmatively alleges the state in which Ashcraft was a citizen on the date on which it filed its Complaint (that is, the state where he was domiciled at the time that the Complaint was filed). Defendants may challenge the resulting amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), file an answer, or other respond to the amended complaint.

Failure to fully comply with this order or to establish the Court's subject matter jurisdiction over Defendant Michael B. Ashcraft will subject Plaintiff's claims against Michael B. Ashcraft to dismissal without prejudice for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Stafford*, 945 F.2d at 805 ("Failure adequately to allege the basis for diversity jurisdiction mandates dismissal.").

DATED: February 10, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE